**Willow RORABAUGH,**
Plaintiff–Appellee,

v.

**CONTINENTAL CASUALTY COMPA-
NY, et al., Defendants–Appellants.**

Nos. 07–55286, 07–55492.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2009.

Filed April 13, 2009.

Corinne Chandler, Esq., Kantor & Kantor, LLP, Northridge, CA, for Plaintiff–Appellee.

Robert F. Keehn, Esq., Galton & Helm, Los Angeles, CA, for Defendants–Appellants.

Before: FERNANDEZ and PAEZ, Circuit Judges, and HOGAN,* District Judge.

## MEMORANDUM **

Defendants Continental Casualty Company et al. appeal the judgment of the district court in favor of plaintiff Willow Rorabaugh on her claim for long term disability plan benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

■ 1. Defendants waived their right to appeal the district court's choice of the de novo standard of review by filing a stipulation to the standard and reiterating the stipulation in their trial memorandum. *Ritchie v. United States*, 451 F.3d 1019, 1026 & n. 12 (9th Cir.2006). Defendants' authority, *Regula v. Delta Family–Care Disability Survivorship Plan*, 266 F.3d 1130, 1138 (9th Cir.2001), *judgment vacated on other grounds*, 539 U.S. 901, 123 S.Ct. 2267, 156 L.Ed.2d 109 (2003), does not require that we ignore the stipulation. In *Regula* we declined to adhere to the parties' stipulation to abuse of discretion review because the stipulation did not disclose whether the parties intended highly deferential or less deferential abuse of discretion review. *Id.* at 1139. Defendants'

stipulation to de novo review presents no such concern.

■ 2. Defendants waived their right to appeal the admission of Dr. Marks's deposition testimony by failing to raise an objection in the district court, and by relying on the evidence in their trial memorandum. *Ritchie*, 451 F.3d at 1026 & n. 12.

■ 3. On de novo review, the district court permissibly credited the opinions of Rorabaugh's treating physicians. Defendants are correct that "plan administrators are not obliged to accord special deference to the opinions of treating physicians." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). Contrary to defendants' argument, however, the record does not show that the district court gave "special deference to the opinions of [Rorabaugh's] treating physicians." *Id.*

4. The district court's determination that Rorabaugh is totally disabled within the meaning of the long term disability plan is not clearly erroneous. *See Deegan v. Cont'l Cas. Co.*, 167 F.3d 502, 508–09 (9th Cir.1999). The medical records (including the functional assessment tool completed by Dr. Dyes), the physical demands analysis submitted by Rorabaugh's employer, and the plan summary's definition of "total disability," constitute reasonable bases for the determination of total disability.

■ 5. By failing to raise the matter before the district court, defendants waived their right to appeal the award of benefits through the date of the judgment. *Ritchie*, 451 F.3d at 1026 & n. 12.

6. Rorabaugh's request for attorney fees is premature. Rorabaugh may file a

---

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited except as provided by 9th Cir. R. 36–3.

separate request for attorney fees under 9th Cir. R. 39–1.6.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.